IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00667-MR

| | |
|---|---|
| NAFIS AKEEM ALIM ABDULLAH MALIK, ) ) ) Plaintiff, ) ) vs. ) ) MECKLENBURG COUNTY JAIL ) ADMINISTRATOR, et al., ) ) Defendants. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the pro se Plaintiff's "Petitions TRO Pursuant F.R. Civ. P. 45 Subpoena of Records Pursuant F.R. Civ. Pro. 65" [Doc. 1 at 7], which was docketed as a civil rights Complaint pursuant to 42 U.S.C. § 1983. Also pending are a Motion for Clarification [Doc. 10] and several Letters that were docketed as Motions [Docs. 8, 9, 14, 18]. The Plaintiff is proceeding in forma pauperis. [See Doc. 17].

**I.  BACKGROUND**

The pro se Plaintiff, who is a pretrial detainee at the Mecklenburg County Jail, filed this action complaining that his First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amended rights are being "constantly violated." [Doc. 1 at 8]. He names as Defendants: "Mecklenburg County Jail

Administrators;" Major Parker; Policy Writers; the director of the Office of Professional Compliance; "Mail Room Supervisory Department Head;" the director of "Grievance Procedure;" the medical director; the health service administrator; the director of nursing; the disciplinary hearing director; Eddie Cathey, the Union County Sheriff; Sheriff Bill Been;[1] the sheriff of Iredell County; the district attorney of Iredell County; Kevin Tolson, the sheriff of York County; Lori Fields, a warrant field agent; and "All Jane – John Does agents unknown at instance." [Doc. 1 at 6-7]. He addresses the conditions of his confinement as well as his continued detention as follows:

> Petitioner insomuch as on numerous occasions since May 25, 2018 has been detained against his natural living will subjected to ongoing harassment, sexual abuse, physical abuse, medical negligence, no access to the Courts in specific here in instance this Honorable United States District Court, Mecklenburg County superior criminal – civil courts, Lincoln County Court, Iredell County Courts – York County Courts. No access to adequate law library, word processor, typing sufficiency in duplication copies, legal mail certification, registered, weighing mail for postage requirements ongoing witholdence outgoing & incoming mail, eluding or impeding grievances, to impede exhaustion of remedies, destroying writ writers, jailhouse lawyers/litigators property upon writ writers answering writs in – out institution/facility. Threats of violence to writ writers (tasing) as a threat awhile arrest. Process officer/deputies remove, destroy, trash, keep – withhold legal property, documents against illegal searches & seizures….
>
> Petitioner under siege is a non-violent pretrial detainee seeking civil – habeas corpus of relief.

---
[1] This appears to refer to Bill Beam, the sheriff of Lincoln County.

> However these listed defendants at all time relevant are responsible of the cruel unusual punishments induced instituted invoked upon the Petitioner against his natural living will….

[Doc. 1 at 9-11].

He seeks the production of requests and grievances from the Union County and Mecklenburg County Jails. [Doc. 1 at 11-12]. He also seeks as affirmative relief a temporary restraining order as well as:

> Subpoenas of records as outlined – indicated aforemention within Petitioner be continued housed at Mecklenburg County (Jail Central) detention center without reprisals, trover, or retaliations permit Petitioner access to adequate law library word processing/typing legal mail system, certified registered mail, legal mail weighing process, medical attention copies of all grievances, requests medical sick calls tangible records ability to access the courts without further impediments absent agitation, retaliation by administrator(s), sheriffs listed, district attorneys.

[Doc. 1 at 13-14].

The Clerk docketed the action as a civil rights lawsuit pursuant to 42 U.S.C. § 1983. On February 2, 2022, the Clerk entered an Order granting the Plaintiff's Application to proceed *in forma pauperis* and directing that monthly payments be made from the Plaintiff's inmate account to pay the filing fee. [Docs. 1, 17].

Presently pending are a pro se Motion for Clarification [Doc. 10] and several Letters [Docs. 8, 9, 14, 18] that were docketed as Motions. The Plaintiff appears to request that this action proceed as one seeking habeas

3

corpus rather than as a § 1983 civil rights lawsuit [Docs. 8, 10]; that the Court "stay" his filing fee for a future § 1983 action [Docs. 8, 10]; that he be permitted to amend his allegations [Docs. 14, 18]; and that this action proceed as a habeas corpus petition pursuant to 28 U.S.C. §§ 2241 and/or 2254 as well as a civil rights action pursuant to § 1983 [id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set

4

forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

It appears that the Plaintiff seeks to challenge his present confinement pursuant to 28 U.S.C. §§ 2241 and/or 2254, as well as to challenge the conditions of his confinement pursuant to 42 U.S.C. § 1983.

To the extent that the Plaintiff seeks relief pursuant to 28 U.S.C. § 2254, it does not appear that he is able to do so at present. A federal habeas petition pursuant to § 2254 is only available to a petitioner who is "in custody pursuant to the judgment of a State court…." 28 U.S.C. § 2254(a). The Plaintiff is a pretrial detainee and he does not purport to be "in custody" pursuant to any state court judgment. Accordingly, to the extent that the Plaintiff purports to assert a federal habeas petition pursuant to § 2254, such petition is dismissed.

A pretrial detainee seeking federal habeas relief must proceed pursuant to 28 U.S.C. § 2241, under which federal district courts are granted authority to consider an application for a writ of habeas corpus filed by a petitioner claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pretrial petitions for writ of habeas corpus are properly brought under § 2241

5

because that section "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)).

The Plaintiff's present filing is insufficient to proceed pursuant to § 2241 at this time. A habeas corpus petition must substantially follow the required form and must: "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, be typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2(c), 28 U.S.C. foll. § 2254; see Rule 1(b), 28 U.S.C. foll. § 2254 (the district court may apply any or all of these rules to a habeas corpus petition not involving § 2254). The Plaintiff's "Petitions TRO…" does not substantially follow a habeas corpus form, does not clearly identify the claims for relief or articulate supporting facts, is handwritten and difficult to read, and is not signed under penalty of perjury. [See Doc. 1]. Accordingly, to the extent that the Plaintiff seeks habeas relief pursuant to § 2241, the pleading is dismissed.

It also appears that the Plaintiff is attempting to challenge the conditions of his confinement. To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Here, the Plaintiff has filed contradictory Letters and Motions from which it is difficult to determine whether he is seeking to challenge the conditions of his confinement pursuant to § 1983 at present, or will seek to do so in future. For instance, the Plaintiff asserts that the Court has mischaracterized the instant action pursuant to § 1983, and he asks the Court to "stay" his § 1983 filing fee and apply it to a future action. To the extent that the Plaintiff seeks to assert § 1983 claims at present, he cannot do so and seek habeas corpus relief in the same action. See generally Prieser v. Rodriguez, 411 U.S. 475 (1973) (habeas and civil rights suits pursuant to 42 U.S.C. § 1983 are mutually exclusive); Farabee v. Clarke, 967 F.3d 380 (4th Cir. 2020) (noting that the Fourth Circuit has yet to address in a published opinion whether a prisoner's claim addressing conditions of confinement may be raised in a habeas petition); see, e.g., Rodriguez v. Ratledge, 715 F. App'x 261, 265–66 (4th Cir. 2017) ("[C]ourts have generally held that a § 1983 suit or a Bivens action is the appropriate means of

7

challenging conditions of confinement, whereas § 2241 petitions are not."); Braddy v. Wilson, 580 Fed. App'x 172 (4th Cir. 2014) (affirming dismissal of habeas petition alleging a condition of confinement claim as improperly brought under Section 2241); Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983) ("The principle to be deduced from Preiser ... appears to be that when the claim relat[es] to [conditions of confinement] ... the suit [must be] a § 1983 action."). Moreover, the Plaintiff has failed to set forth a short and plain statement of his claims. See generally Fed. R. Civ. P. 8(a). Therefore, to the extent that the Plaintiff is attempting to assert § 1983 claims, they are dismissed. His request that the Court "stay" his filing fee for a future § 1983 action is denied.

Because the Plaintiff's filings are so deficient, confusing, and contradictory such that the Court is unable to determine the nature of this action, this matter cannot proceed on these pleadings. If the Plaintiff desires to continue, within thirty (30) days of this Order, he must file a superseding amended pleading on a § 2241 or § 1983 form that names the parties against whom he is seeking relief, states the facts upon which his claims are based, and articulates the relief that he is seeking.[2] The Plaintiff's failure to timely

---

[2] The Clerk will be instructed to provide the Plaintiff with blank § 2241 and § 1983 forms. Should he complete and return both, one will be docketed in the instant case and the other will be opened in a new civil case that will require its own filing fee.

8

comply with this Order will likely result in this action's dismissal without further notice.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's "Petitions TRO Pursuant F.R. Civ. P. 45 Subpoena of Records Pursuant F.R. Civ. Pro. 65" [Doc. 1 at 7] is insufficient to proceed pursuant to §§ 2241, 2254 or 1983, and is dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to file an amended pleading, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. The amended pleading must clearly state whether the Plaintiff is seeking to proceed in this action under § 2241 or § 1983, name the parties against whom he is seeking relief, state the facts upon which his claims are based, and articulate the relief that he is seeking. Any amended pleading will be subject to all timeliness and procedural requirements and will supersede the original pleading [Doc. 1]. Piecemeal amendment will not be allowed. Should the Plaintiff fail to timely comply with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

# ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The "Petitions TRO Pursuant F.R. Civ. P. 45 Subpoena of Records Pursuant F.R. Civ. Pro. 65" [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have thirty (30) days in which to amend his pleading in accordance with the terms of this Order. If Plaintiff fails to timely comply with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

3. The Plaintiff's pro se Letters [Docs. 8, 9, 14, 18] that were docketed as Motions, and his "Motion for Clarification" [Doc. 10], are **DENIED**.

The Clerk is respectfully instructed to mail Plaintiff blank § 2241 and § 1983 forms along with a copy of this Order.

**IT IS SO ORDERED.**

Signed: March 17, 2022

Martin Reidinger
Chief United States District Judge