IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00667-MR

| | |
|---|---|
| NAFIS AKEEM-ALIM ABDULLAH- MALIK,[1] ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MECKLENBURG COUNTY JAIL ) <br> ADMINISTRATOR, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the Court on the Plaintiff's pro se filings [Docs. 24, 25, 26, 27, 28, 29, 30, 31, 32]. The Plaintiff is proceeding in forma pauperis. [Doc. 17].

The pro se Plaintiff, who is a pretrial detainee at the Mecklenburg County Jail, filed a document titled "Petitions TRO Pursuant F.R. Civ. P. 45 Subpoena Records Pursuant F.R. Civ. Pro. 65" that was opened as a civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. On March 17, 2022, the Court reviewed the "Petitions TRO…" for frivolity, and noted that the

---

[1] According to the Mecklenburg County Sheriff's Office website, the Plaintiff's name is Nafis Akeem Abudllah Malik. See https://mecksheriffweb.mecklenburgcountync.gov/Inmate/Details?pid=0000213386&jid=20051671&activeOnly=True&prisType=ALL&maxrows=48&page=1 (last accessed May 3, 2022); Fed. R. Evid. 201.

Plaintiff appeared to challenge both the conditions of his confinement that are appropriately raised under § 1983, as well as the fact and duration of his present detention, which are appropriately raised in a federal habeas petition pursuant to 28 U.S.C. § 2241. [Doc. 21]. The Court dismissed the "Petitions TRO…" without prejudice on the grounds that § 2241 and § 1983 actions cannot proceed together and, in any event, the Petitions were insufficient under either § 1983 or § 2241. [Doc. 21]. The Court granted the Plaintiff 30 days to file a superseding amended pleading and provided him with blank § 2241 and § 1983 forms. [Id.]. The Plaintiff was cautioned that piecemeal filing will not be allowed, and that the failure to timely comply would result in the action's dismissal without prejudice. [Id.]. That Order crossed in the mail with a Motion for Leave to Amend [Doc. 22] which was granted in part and denied in part, and the Plaintiff was reminded that he must amend pursuant to the March 17 Order by April 18, 2022. [Doc. 23]. He was again provided with blank § 2241 and § 1983 forms and was cautioned that, if he failed to timely comply with the March 17 Order, this action would be dismissed without prejudice. [Id.].

The Plaintiff has not filed a superseding amended § 1983 complaint or a § 2241 petition and the time to do so has expired. Instead, the Plaintiff has filed: a "Motion Leave to Amend Modification & Correction" [Doc. 24]; a Letter

and attachments [Doc. 25]; a "Notice" and attachments [Doc. 26]; a "Motion for Leave to Amend" and attachments [Doc. 27]; a "Petition Bail Pretrial Release" and attachments [Doc. 28]; a "Notice" and attachments, including the § 2241 Petition that is pending in Case No. 3:22-cv-00125-MR [Doc. 29]; a Letter [Doc. 30]; and a "Petition/ Motion Leave to Amend, Pretrial Conference F.R. Civ. P. 16, Disclosure F.R. Civ. P. 26" [Doc. 31].

The Plaintiff has failed to comply with the Court's March 17 and 22 Orders by filing an amended pleading on either the § 1983 or § 2241 form which the Court has repeatedly provided him. Instead, he has filed nearly 300 pages of nonsensical and duplicative documents that are directed to several pending cases; contain piecemeal allegations and premature discovery requests; and which include challenges to both the conditions of the Plaintiff's confinement and the fact and duration of his present detention which, as he was previously informed, cannot proceed together in the same action. The Plaintiff's filings fail to comply with the most basis pleading requirements and this Court's Orders and will be stricken. See [Docs. 3, 21, 23]; Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief…."); Fed. R. Civ. P. 10(a) ("Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a)

3

designation...."); Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (the courts are not required to be "mind readers" or "advocates" for incarcerated or pro se litigants.).

This case will be dismissed without prejudice for failure to comply with the Court's March 17 and 23 Orders. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order). The Court further finds that the Plaintiff's filings are so abusive that this action is frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A. [See Doc. 21].

The Plaintiff is cautioned that future filings that are frivolous, duplicative, fail to comply with the Court's Orders or the applicable procedural rules, address more than one case number, or are otherwise abusive or improper will be stricken without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's pro se filings [Docs. 24, 25, 26, 27, 28, 29, 30, 31, 32] are **STRICKEN** as abusive, improper filings.

2. This actions is **DISMISSED WITHOUT PREJUDICE** as frivolous or malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A, and for failure to comply with the Court's March 17 and 23, 2022 Orders.

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED**.

Signed: May 5, 2022

Martin Reidinger
Chief United States District Judge